### UNITED STATES of America, Plaintiff,

v.

### William DEL TORO et al., Defendants.

#### No. 73 Cr. 289.

United States District Court, S. D. New York.

Dec. 22, 1975.

See also, D.C., 405 F.Supp. 1163.

Thomas J. Cahill, U. S. Atty., New York City, for plaintiff; Edward J. Kuriansky, New York City, of counsel.

Farber & Cohen by Frank R. Cohen, New York City, for Ruocco.

*Memorandum and Order*

WHITMAN KNAPP, District Judge.

■ Defendant Ruocco moves pursuant to Rule 35 for reduction of sentence. His primary argument is that his personal situation has worsened since sentence was imposed, and intervening events have made the sentence more onerous than it would otherwise have been. At the time of sentence I gave defendant the option of starting to serve his sentence when imposed or to await the outcome of the appeals by his co-defendants. I cannot quarrel with his choice of the latter course, but—as observed in the accompanying opinion with respect to his co-defendant Kaufman—he cannot now be heard to complain of the almost inevitable consequences of that choice.

■ Defendant, a member of the business "establishment" pleaded guilty to contributing to the corruption of a public official. Because of his honest and forthright conduct *after* his apprehension I ultimately imposed a sentence which I felt to be the absolute minimum consistent with the gravity of the offense. As I observed at time of sentence, public

corruption of this sort cannot exist unless condoned by the business community. It therefore cannot be countenanced that a businessman who contributes to the corruption of a public official can avoid meaningful punishment by the simple device of testifying against the official corrupted.

Defendant is ordered to report to the Marshal on Monday, January 12, 1976 at 10:00 A.M.